## SUPREME COURT.

### NONES agt. THE HOPE MUTUAL LIFE INSURANCE COMPANY.

The objection that a summons, as the commencement of a suit, was not *properly served*, is not available in an *answer* or *demurrer;* but only on *motion*, to set the proceedings aside. The meaning of the language of the Code, allowing it to be set up as a defence that "the court has no jurisdiction of the person," is, that the person *is not subject to the jurisdiction of the court*, not that original process has been improperly served.

*New York General Term, May* 1850, *before* EDMONDS, EDWARDS and MITCHELL, *Justices.* On appeal from an order at the special term, before EDMONDS, J., striking out the answer as frivolous.

The facts sufficiently appear in the opinion of the court

By the Court, EDWARDS, J.—The defendant in this suit is a foreign corporation, created by the law of the state of Connecticut—this fact is set forth in the complaint.

It appears in the case that the defendant, after having given notice of appearance, and of the retainer of an attorney of this court, put in an answer in which it is alleged that the company is a foreign corporation, and that this suit was commenced by a summons and complaint served on the president of the company, in the city of New York, and not elsewhere; and that no other

process had been served on the company, and that no warrant of attachment had been issued, or other proceedings taken against the company at the commencement of the suit; and that by reason thereof this court has not acquired jurisdiction over the defendant, and can not take cognizance of the subject of this suit.

The question presented to us is whether the matter thus set up on the part of the defendant is a sufficient answer to the complaint.

It is provided by section 144 of the Code of Procedure, that the defendant may demur to the complaint when it shall appear upon the face thereof that the court has no *jurisdiction of the person* of the defendant. And by section 147 it is provided that when such matter does not appear on the face of the complaint, the objection may be taken by answer. The Code also declares that all civil actions shall be commenced by the service of a summons (§ 127). It then directs in what manner such service may be made, and it provides that when the suit is against a corporation, the service shall be made by delivering a copy thereof to the president or other head of the corporation, secretary, cashier, or managing agent thereof (§ 134). And it further provides that when the person on whom the service is to be made, can not be found within this state, and that that fact shall appear by affidavit to the satisfaction of a court or judge thereof; and it shall in like manner appear that a cause of action exists against the defendant in respect to whom the service is to be made, such court or judge may grant an order that the service be made by the publication of a summons in certain enumerated cases, and amongst others, in a case where the defendant is a foreign corporation (§ 135).

The plaintiff contends that the service upon the president of the company in the city of New York was sufficient within the provisions of the statute. On the other hand it is contended by the defendant that as the company is a foreign corporation, the service should have been made in the manner pointed out in section 135.

With the view which we have taken of the case, we do not

consider it necessary to express any opinion upon this question; for, assuming that the service was irregular, it does not follow that the facts set up in the answer furnish a sufficient defence to the complaint.

It will be observed that the answer is founded upon that section of the Code which provides that where the court has no jurisdiction of the person of the defendant, the objection may be taken by answer, but the objection taken here is not that the court has no jurisdiction of the person of the defendant, but that the summons had been irregularly served. There is no question that this court has jurisdiction over a foreign as well as a domestic corporation. The statute expressly gives it, and declares how process may be served upon it. It is true that, in one sense, the court never gets jurisdiction over a party, unless he is regularly served with process; that is, if process has been irregularly served, on that fact being made known to the court it will declare such service irregular, and will set aside all proceedings founded upon it. Thus, the Code provides in section 134, sub. 4, that in all other cases than those particularly mentioned therein, the summons shall be served by delivering a copy to the defendant personally. But suppose that in the case provided for in sub. 4, the copy of the summons, instead of being served personally, should be delivered at the defendant's house, or left at his place of business, will it be contended that such fact could be set up in an answer by way of objection to the complaint on the ground that the court has no jurisdiction of the person? and yet that would be a case precisely analagous to the one before us. The meaning of the clause " that the court has no jurisdiction of the person" is, that the person is not *subject to the jurisdiction* of the court, and not that the suit has not been regularly commenced. If the suit has not been regularly commenced, the defendant must relieve himself from such irregularity by motion.

With these views we are f opinion that the appeal should be dismissed, with leave, however, to the defendant to answer anew upon the merits within twenty days, upon payment of the costs and disbursements herein, subsequent to the answer.