## ELMORE *a.* VALLETTE.

*Supreme Court, First District; At Chambers, May,* 1863.

### DEFECT OF PARTIES.—AMENDMENT OF SUMMONS.

*It seems,* that an order, made on sustaining a demurrer for defect of parties, allowing an amendment of the complaint, but making no provision for an amendment of the summons, is sufficient to require a defendant, who was originally a party, to answer the amended complaint.

In such case, judgment on failure to answer should not be awarded until a resettlement of the order, so as to allow an amendment of the summons.

Application for the relief demanded, after failure to answer.

This action was brought by Charles Elmore, as receiver of Johnson and other judgment-debtors, against Henry Vallette, to set aside the transfer to Vallette by Johnson of $20,000 in bills receivable belonging to the judgment-debtors, transferred as collateral to an individual indebtedness of Johnson. The defendant demurred to the complaint, specifying among other grounds of objection that there was a defect of parties defendant. The demurrer was sustained on this ground, with leave to plaintiff to amend the complaint on payment of costs. The plaintiff amended the complaint by adding the requisite parties. The defendant Vallette returned the complaint, and omitted to answer. Plaintiff now applied for judgment.

*Henry F. Pultzs*, for the plaintiff.

*Silas B. Brownell*, for the defendant Vallette.—I. Parties defendant can only be added by amending the summons, which can only be done by order of court. (Russell *a.* Spear, 5 *How. Pr.*, 142; McCrane *a.* Moulton, 3 *Sandf.*, 736; Atkinson *a.* Clapp, 1 *Wend.*, 71.)

II. No leave to add parties has been given; the order does not authorize the addition of parties. (*Code*, §§ 172, 173.)

LEONARD, J.—Vallette demurred among other things for defect of parties defendant.

When that demurrer was sustained, with leave to the plaintiff to amend his complaint by adding new parties-defendant on payment of costs, the decision embraced the right to make the amendment effectual in all the proceedings of the action.

The order seems to be defectively framed in providing only for an amendment of the complaint.

The leave was intended to be to amend the whole action by adding defendants.

The present motion is for judgment for want of an answer. It is resisted by Vallette because there has been no amendment of the summons. The new parties have been brought in without an express order touching the summons.

Vallette has not answered this amended complaint, his attorney having returned it, when served on him, for the reason just mentioned.

I think Vallette was bound to answer; but the question is not free from doubt.

The plaintiff may take an order to show cause, &c., by a short day, why the order on deciding the demurrer should not be resettled.

The motion for judgment will be denied without costs, and without prejudice to the right to renew this motion for judgment.