Goldman *v.* Monds.

# New York Marine Court.

*Special Term—May 5, 1874.*

## PHILIP GOLDMAN *against* CRAWFORD MONDS.

The service of a summons outside of the territorial jurisdiction of the marine court is a nullity, but if the defendant appears generally in the action it will be deemed a voluntary appearance, and a subsequent plea to the jurisdiction after such appearance is untenable.

McADAM, J.—As this court had jurisdiction of the subject matter of the action, it could acquire jurisdiction of the parties by service of process on the defendant within the county, or by his voluntary appearance. The summons was served on the defendant out of the county, and the service, on that account, was a nullity. The defendant was under no obligation to appear, there was no statute to coerce an appearance, it was optional with the defendant whether he would disregard the service or not, he might have done so with safety, or he might have set aside the service upon motion if he had seen fit (8 *Barb.* 541). He chose to do neither, he elected to appear in the action generally without objection, and by his own voluntary act he submitted himself to the jurisdiction of the court (*Code,* § 139, and authorities there cited).

Burckle *v.* Eckhart (3 *N. Y.* 132) was decided prior to the amendment to section 139 of the Code, passed in 1851, and is no longer authority as to the effect of an appearance under the Code.

The court having once acquired jurisdiction by the defendant's voluntary appearance, it could not be divested by a SUBSEQUENT plea to the manner of service.

This was the law before Landers *v.* Staten Island R. R. Co. (53 *N. Y.* 450), which was decided solely with

reference to the constitutionality of the acts by which it was sought to extend the jurisdiction of the city court of Brooklyn, unlimited as to persons residing and matters arising out of the locality in which the court was established. These acts were held unconstitutional, and the objection to the jurisdiction assumed under them was, on that account, held to be properly pleaded in the answer, and not waived by the general appearance, COERCED by force, of the provisions held unconstitutional.

No such objection exists in the present case. The appearance was not COERCED, but was voluntary, and is equivalent to legal service of process (*Code*, § 139). The court had jurisdiction. The direction to find for the plaintiff was right, and the motion for a new trial is therefore denied, with $10 costs.

See also Spyer *v.* Fisher, 37 *N. Y. Super. Ct. (J. & S.)* 94, to substantially the same effect.

The summons was served on the defendant in Goldman *v.* Monds, *supra*, without a complaint, and a notice of appearance and demand for complaint was subsequently served by his attorney.