### SMITH *v.* JACKSON.

(*City Court of New York, General Term.*   May 28, 1888.)

APPEARANCE—BY ONE NOT A PARTY TO PROCEEDING—EFFECT.

Where one was sued, and summons served on him in his own proper name as Morris J. Jackson, and in response appearance was entered by "Meyer Jackson, sued as Morris J. Jackson," *held* that, Meyer Jackson being a mere interloper, a judgment against Morris J. Jackson, on a trial had at the instance of said Meyer Jackson, was unauthorized and *coram non judice.*

Appeal from special term.

Appeal by Meyer Jackson from an order at special term vacating a judgment directed against Morris J. Jackson at a trial term of this court.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*Smith & Keene,* for appellant. *Solomon, Kantrowitz & Esberg,* for respondent.

PITSHKE, J. This action was upon a promissory note made to plaintiff's order by said Morris J. Jackson, sued herein. Plaintiff has filed proof on her part that the summons was personally served upon said Morris J. Jackson. Morris J. Jackson, however, did not appear in the cause, nor did he interpose any answer, but one Meyer Jackson came into the case by serving a demurrer, (and afterwards an answer in lieu of the demurrer,) specifying the appearing and answering party defendant by the words, "Meyer Jackson, sued as Morris J. Jackson." All papers and proceedings in this cause, on the defendant's part, were entitled in that manner only. Under said answer and Meyer Jackson's appearance, the trial was had, and thereat final judgment was directed, not against Meyer Jackson, but against Morris J. Jackson as defendant, which judgment was subsequently vacated at special term as unauthorized. The point of contention is that plaintiff asserts the service of the summons was on said Morris J. Jackson, and defendant, Meyer Jackson, appearing as above set forth, asserts such service was upon him, Meyer Jackson. Now, it is plain that said Meyer Jackson originally appeared in this suit unlawfully, in the place of Morris J. Jackson, who was the real and only party defendant concerned, as there existed no cause of action in plaintiff's favor herein against such Meyer Jackson, who alone tendered an issue on the pleadings herein. Morris J. Jackson put in no appearance or pleading; and plaintiff's persisting in naming the party defendant as "Morris J. Jackson appearing as Meyer Jackson," was unwarranted and without effect, as it was actually Meyer Jackson who had appeared originally. It was requisite for the court to acquire jurisdiction of the intended defendant's person before it could pronounce judgment in this cause. In default thereof, any judgment taken must be annulled; for the record is not conclusive concerning a jurisdictional fact. *Craig* v. *Town,* 93 N. Y. 411. If it was Meyer Jackson on whom the summons was served, he was not the intended person described in the summons as defendant, but a stranger; and, as it is conceded plaintiff had no cause of action against him, there could be no judgment whatever entered for the plaintiff, and plaintiff must begin suit *de novo,* if not outlawed by this time. If, however, Morris J. Jackson has been personally served with the summons and complaint, as asserted by plaintiff, all the proceedings and pleas of Meyer Jackson subsequent thereto herein were utterly null, irregular, and unauthorized, as contrary to law and practice, and the same were therefore properly vacated in and by the order appealed from; and if process was so actually served on Morris J. Jackson, the intended defendant herein, the plaintiff, under section 1212, Code Civil Proc., will, of course, be at liberty to enter judgment against him in this action upon his (the defendant's) default to appear or plead therein; and the order appealed from duly preserves this right of the plaintiff. An interloper could not authorize and bring about a trial as against Morris J. Jackson, and judgment thereon, if the latter was served, and suffered a default in appearing. Such a result would be *coram non judice.* *Borden* v. *Fitch,* 15 Johns. 121; *Starbuck* v. *Murray,* 5 Wend. 148; *Kerr* v. *Kerr,* 41 N. Y. 272; *Thompson* v. *Whitman,* 18 Wall. 461. The proper course for one served as a defendant, but not being the defendant intended, is to move the court to set aside the service as wrong. *Nones* v. *Insurance Co.,* 8 Barb. 541. It follows that the order appealed from must be affirmed, with costs.