## SWEETZER et al. v. KEMBERT et al.

(City Court of New York, General Term. January 12, 1895.)

PLEADING—FRIVOLOUS ANSWER—DENYING JURISDICTION.

An answer which alleges that defendants are not residents of the state, have no property therein, and were not served with process within the state, will be deemed frivolous where they appeared voluntarily, as their remedy in such case is to move to set aside any unauthorized service or attempted service as irregular.

Appeal from special term.

Action by George D. Sweetzer and others against Edward E. Kembert and others to recover for goods sold and delivered. From an order awarding judgment to plaintiffs on defendants' answer as frivolous, and from a judgment entered thereon, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and CONLAN, JJ.

John R. Abney, for appellants.

Thompson & Allen, for respondents.

EHRLICH, C. J.   The complaint is the ordinary one for goods sold and delivered by the plaintiffs, a firm doing business in this city, to the defendants, a firm doing business at Sumter, in the state of South Carolina.   The answer, by way of pleading to the jurisdiction of the court, alleges that the defendants are not residents of the state of New York, have no property within the state, and were not served with process within the state.   The plaintiff thereupon moved for judgment on the answer as frivolous.   The application was granted, and the appeal is from the order awarding judgment.

The action being by resident plaintiffs, on a contract presumably made here, the allegations of the answer tendered no issue which required a trial, unless it be the statement that the defendants were not served with process within the state.   This allegation, standing alone, would imply simply that the plaintiffs had not brought the defendants within the jurisdiction of the court.   Such fact could not anticipate the action of the plaintiffs, nor authorize the defendants to tender it as an issue.   The proper remedy was to move to set aside any unauthorized service or attempted service as irregular.   Nones v. Insurance Co., 8 Barb. 541.   This is not a case where the defendants were coerced within the jurisdiction of the court, and compelled, in defense, to resort to the plea of nonjurisdiction, as in Hamburger v. Baker, 35 Hun, 456.   Here defendants voluntarily appeared, and attempted to try an issue of their own making.   The answer was therefore properly adjudged frivolous, and the judgment directed thereon must be affirmed, with costs.   All concur.

