(71 Misc. Rep. 237.)

HENEY v. CHARTERED CO. OF LOWER CALIFORNIA.

(Supreme Court, Special Term, New York County. February 20, 1911.)

PROCESS (§ 155*)—MODE OF OBJECTION—DEMURRER—"JURISDICTION OF THE PERSON."

The demurrer authorized by Code Civ. Proc. § 488, subd. 1, in cases where it appears upon the face of the complaint "that the court has no jurisdiction of the person," means that the person is not subject to the jurisdiction of the court, and not that the suit has been irregularly begun; and a foreign corporation, sued under Code Civ. Proc. § 1780, making foreign corporations subject to the general jurisdiction of the courts where personal service is made as directed by the Code, cannot, by demurrer, raise the question of proper service.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 210; Dec. Dig. § 155.*

For other definitions, see Words and Phrases, vol. 4, pp. 3885, 3886.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by William J. Heney against the Chartered Company of Lower California. On demurrer of defendant to the complaint. Demurrer overruled, with leave to defendant to answer.

R. Floyd Clarke, for plaintiff.
George H. Tower, for defendant.

LEHMAN, J. The complaint alleges that the plaintiff is a resident of the state of New York and that the defendant is a foreign corporation organized under the laws of the state of Maine. The defendant demurs to the complaint on the grounds that the court has not jurisdiction of the person of the defendant and that the court has not jurisdiction of the subject of the action.

There can be no doubt that the court has jurisdiction of the subject of the action under section 1780 of the Code. The arguments of the defendant are directed solely to the ground that the court has no jurisdiction of the person of the defendant. In the case of Nones v. Hope Mutual Life Insurance Co., 8 Barb. 541, see 5 How. Prac. 96, it was held that "the meaning of the clause 'that the court has no jurisdiction of the person' [Code Civ. Proc. § 488, subd. 1] is that the person is not subject to the jurisdiction of the court and not that the suit has not been regularly commenced," and that, therefore, a defendant foreign corporation cannot by demurrer raise the objection that the summons was not properly served on it. This case was cited and approved in the case of Ogdensburgh R. R. Co. v. Vermont R. R. Co., 16 Abb. Prac. (N. S.) 249, and that case, although only a Special Term decision, was approved in the case of Belden v. Wilkinson, 44 App. Div. 420, 60 N. Y. Supp. 1083.

Since the defendant is in this case really raising only the issue that it has not been properly served, it would appear beyond question that the demurrer is not the appropriate remedy, and should be overruled, were it not that the case of Ogdensburgh R. R. Co. v. Vermont R. R. Co. decided that a foreign corporation cannot be cited to appear in the courts of this state, and that the court can obtain no jurisdiction to render a personal judgment, except by voluntary appearance, and is therefore not subject to the jurisdiction of the court, except as to property within the state, and that the objection to the jurisdiction may therefore be raised by demurrer. That case was decided in 1874, and thereafter the Court of Appeals decided, in the case of Gibbs v. Queens Fire Insurance Co., 63 N. Y. 114, 20 Am. Rep. 513, that the Code had ·changed the common-law rule and that a foreign corporation was subject to the general jurisdiction of the court, where personal service was made as directed in the Code. In the case of Pope v. Terre Haute Manufacturing Co., 87 N. Y. 137, 139, it was held that:

"It is undisputed that foreign corporations may be sued in this state; section 1780 of the Code of Civil Procedure providing that 'an action against a foreign corporation may be maintained by a resident of the state or by a domestic corporation for any cause of action.' It has never been doubted that the Legislature could constitutionally authorize the commencement of such an action."

The conflict of decisions between our courts and the federal courts is not over the question of whether a foreign corporation is subject to the jurisdiction of the court, but only on the question of the validity of attempted service. See Grant v. Canauer Con. Coffee Co., 189 N. Y. 241, 82 N. E. 191.

Demurrer should be overruled, with leave to the defendant to answer within 20 days after notice of entry of the interlocutory judgment.