DAILEY MOTOR COMPANY, INC., ET AL. v. CHARLES H. REAVES,. BEAULAH REAVES, AND SCOTTISH UNION AND NATIONAL INSUR- ANCE COMPANY, INC.

(Filed 25 October, 1922.)

**1. Courts—Jurisdiction—Statutes—Demurrer—Special Appearance—Plea. to Merits of Action—Waiver—Judgments.**

Where a nonresident defendant wishes to demur to the jurisdiction of the court for the want of proper service of summons on him, he must enter a special appearance for that purpose and confine his demurrer to that objection alone; and where he has entered a general appearance, or demurred on the further ground that the court has no jurisdiction of the subject matter, it is to be taken as a general appearance as to the merits, waiving the objection as to proper service, and he will be bound by the adverse judgment of the court having jurisdiction over the subject-matter of the action. C. S., 511 (1).

**2. Same.**

The intent of the nonresident defendant to enter a special appearance and demur to the jurisdiction of the court upon the ground of insufficient service of summons on him, is ineffectual when it appears that he further denies in his demurrer the jurisdiction of the court over the subject-matter of the action, and thus goes to the merits of the controversy.

**3. Appeal and Error—Courts—Jurisdiction—Modification of Judgment— Pleadings.**

Where the Superior Court judge has properly overruled the defendant's demurrer to the court's jurisdiction, and has omitted from his judgment an order allowing the defendant to plead over, the Supreme Court, on appeal, will modify the judgment to the end that the Superior Court judge may supply this omission with the proper order.

APPEAL by defendant from *Devin, J.,* at April Term, 1922, of WAKE.

*E. J. Wellons for plaintiff.*
*N. Y. Gulley for defendants.*

WALKER, J.   This is an action upon a note for $1,500, given as the price of an automobile, possession of which it is alleged was obtained by false and fraudulent representations of Charles H. Reaves, one of the defendants.   It is alleged that after getting possession of the car at. Graham, in this State, the defendants left the State, taking the auto- mobile with them, and changed their residence to Roanoke, Va., where they now are and have been ever since.   They have now no property in this State, and there has been no personal service of process upon them,. or either of them, and no attachment of their property, for they had none here, and, of course, no publication for them.   The defendant. demurred, under C. S., 511, subsec. 1, because it appeared that the court.

had no jurisdiction of the persons of the defendants, and further, because the court has not jurisdiction of the subject-matter.

It is said in *Ogdensburg & R. R. Co. v. Vermont R. R. Co.*, 16 Abbott's Practice (N. Y.), 249, at p. 254: "It was urged that by interposing their demurrer defendants had conferred on the court jurisdiction of their persons, and this would be true had the demurrers been upon any other ground; but being solely on the ground that the court had not jurisdiction of their persons, and that they made a qualified appearance for the purpose of testing that question, and for no other purpose, it had no such effect. A defendant in an action has the right to appear specially for the purpose of raising the question of jurisdiction, and by so doing does not confer jurisdiction generally in the cause. *Allen v. Malcolm*, 12 Abb. Pr., N. S., 335; *Sullivan v. Frazee*, 4 Robt., 616; *Seymour v. Judd*, 2 N. Y., 464, 8; *McCormick v. Penn. Cen. R. R. Co.*, 49 Ind., 303, 9; *Cumb. Coal Co. v. Sherman*, 8 Abb. Pr., 243. The Code permits a defendant to demur on the ground that the court has no jurisdiction of the person when this fact appears upon the face of the complaint; and when it does not so appear, to take the objection by answer (Code, sec. 144-147). But such objection is not to be deemed waived, even if not taken by demurrer or answer (Code, sec. 148); much less is it to be deemed waived by an appearance for the sole purpose of raising it in the exact method provided by the Code (4 Robt., 616). This objection to the jurisdiction of the court does not mean that the suit has been irregularly commenced, but that the person named as defendant is not subject to the jurisdiction or order of the court (*Nones v. Hope Ins. Co.*, 5 How. Pr., 96). Hence, the inquiry is not as to the irregularity of the proceedings by which service of the summons has been made, but whether the defendant is such a person as can be subjected by process to the court's jurisdiction. One over whose person the court has no jurisdiction is not bound to wait until final judgment and then seek relief by motion to set it aside. The Code gives him the right to present that contingency by pleading, and by appearing to exercise that right he does not waive it, nor in any way impair the force of the objection. To hold otherwise would make the means provided for presenting that issue destroy the issue itself. In my judgment, the issue was properly taken by demurrer, and such demurrers present issues of law for the decision of the court (Code, sec. 249; *King v. Poole*, 36 Barb., 242, 7)." The objection, therefore, was properly taken by demurrer by the express words of C. S., 511, subsec. 1.

It will be observed that in the case just cited, decided under the Code of New York, which is substantially like ours, the defendant did not simply demur because the court had no "jurisdiction of the persons" of defendants, but they first entered a special or qualified appearance for

the purpose of raising that question by the court as having important significance in its bearing upon the case.

The fact that there should be a special or qualified appearance instead of a general one does not deprive the defendant of the right to demur on the particular ground assigned by them, for by appearing specially they could still demur on the same ground, or for the same reason, but they must not appear generally. In the latter part of the extract we have made from the *Ogdensburg case, supra,* the Court is manifestly referring to such a qualified appearance as will confer upon defendants the right to demur specially, as distinguished from a general appearance, which takes away that right. The right to demur for one of the special reasons assigned by defendants, that is, "want of jurisdiction of the person," is not destroyed, or even impaired, by this construction or interpretation of the statutes, but is preserved both in its full integrity and its efficiency. This, at least, is the substantial result. The defendant in the *Ogdensburg case supra,* would not take the risk of a general appearance, but qualified its appearance twice, so that in the end it amounted, in that case, to little more, if anything, than a motion to dismiss under a special appearance.

There is another view that may be taken of this matter. It appears by the demurrer that three objections are urged by defendants: first, that the court has no jurisdiction of the persons of defendants; second, none of the subject of the action; and, third, that the cause of action upon the policy of insurance is not maintainable because the policy was issued in the State of Virginia and the loss thereunder occurred in that state. The second and third grounds are considered *in law* as taken to the merits and not merely to the jurisdiction of the court over the persons of the defendants, and the appearance is in form and in truth a general one, which waives any defect in the jurisdiction arising either from want of service of process on defendants or from a defect therein. The demurrer as to the second and third grounds was addressed to the merits. *Ins. Co. v. Robbins,* 59 Neb., 170. Said an able and learned judge (*Justice Mitchell*), in *Gilbert v. Hall,* 115 Ind., 549: "A special appearance may be entered for the purpose of taking advantage of any defect in the notice or summons, or to question the jurisdiction of the court over the person in any other manner; but filing a demurrer or motion, which pertains to the merits of the complaint or petition, constitutes a full appearance, and is hence a submission to the jurisdiction of the court. Whether an appearance is general or special does not depend on the form of the pleading filed, but on its substance. If a defendant invoke the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general." There are cases where the

defendant may make a *quasi* appearance for the purpose of objecting to the manner in which he is brought before the court, and, in fact, to show that he is not legally there at all, but if he ever appears to the merits he submits himself completely to the jurisdiction of the court, and must abide the consequences. If he appears to the merits, no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not. *Nichols v. The People,* 165 Ill., 502; 2 Enc. Pl. and Pr., 625.

We must hold, upon principle and authority, that the defendants have made a full appearance in the case, and will be bound in all respects by the orders and decrees of the court. This result follows because they have not confined themselves to a special appearance for the purpose of raising the question of jurisdiction of the person, but have gone beyond that and asked for a hearing upon matters not relating solely thereto, but including other matters, as to the plaintiff's legal rights and their own in regard to the policy of insurance, and still further, they have challenged the jurisdiction of the court as to the subject-matter of the action, and thereby waived any defect as to the jurisdiction of the person, the appearance being considered by all the authorities as a general one. This question is fully discussed in *Scott v. Life Association,* 137 N. C., 515, where, at pages 518 and 519, we said: "The case was argued before us as if the defendant had entered a special appearance, and the plaintiff's counsel insisted that having done so, the defendant could not have the relief it seeks, nor could it appeal to this Court, citing *Clark v. Mfg. Co.,* 110 N. C., 111. The argument of both counsel was based upon a misconception of the true nature of the appearance entered by the defendant. In the first place, it does not on its face purport to be a special appearance. It is true the defendant appeared solely for the purpose of moving to set aside the judgment, but as such a motion involves only the merits of the case, and is not confined to the one objection that the court is without jurisdiction, it follows that an appearance entered solely for the purpose of making that motion is essentially a general appearance. The test for determining the character of an appearance is the relief asked, the law looking to its substance rather than to its form. If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character. 3 Cyc., pp. 502, 503. The question always is what a party has done and not what he intended to do. If the relief prayed affects the merits or the motion involves the merits, and a motion to vacate a judgment is such a motion, then the appearance is in law a general one. *Ibid.,* 508, 509. The court will not hear a party upon a special appearance except for the purpose of moving to dismiss an action or to vacate a

judgment for want of jurisdiction, and the authorities seem to hold that such a motion cannot be coupled with another based upon grounds which relate to the merits. An appearance for any other purpose than to question the jurisdiction of the court is general," citing 2 Enc. of Pl. & Pr., 632.

Any course that, in substance, is the equivalent of an effort by the defendants to try the matter and obtain a judgment on the merits, in any material aspect of the case, while standing just outside the threshold of the court, cannot be permitted to avail them. A party will not be allowed to occupy so ambiguous a position. He cannot deny the authority of the court to take cognizance of his action for want of jurisdiction of the person, or proceeding, and at the same time seek a judgment in his favor on the ground that there is no jurisdiction of the cause of action. To illustrate the matter, they ask for an adjudication as to whether this court has jurisdiction, not merely of the person, but also of the subject-matter of this action.

We repeat what is said in *Scott v. Life Association, supra:* "An appearance for any other purpose than to question the jurisdiction of the court over the person is general."

Examining the question presented in this case, though, in the light of actual authority, or decision upon it, we find this statement of the law in Enc. of Pl. and Pr., vol. 2, p. 621, a work of great merit and high authority, and devoted especially to subjects of this character: "But an objection to jurisdiction over the person, to be availing, must not be raised in connection with denial of jurisdiction over the subject-matter. An appearance to deny the jurisdiction of the court over the subject-matter is, according to the weight of authority, a general appearance. It is a familiar rule that a general appearance waives any defect in the process, and confers jurisdiction of the person. To avoid the effect of this rule, it is the common practice, when it is desired to take advantage of any defects in process and to deny jurisdiction over the person, to appear specially for that purpose only. A special appearance is only proper when a party seeks to deny the jurisdiction of the court over his person." We are there cited to *Fitzgerald v. Fitzgerald,* 137 U. S., 98, and other cases, in confirmation of the text, and they strongly and undoubtedly uphold it. *Chief Justice Fuller* said in the *Fitzgerald case, supra,* at p. 106: "By the amendment to its answer, its plea and motions, the defendant insisted that the court had no jurisdiction to proceed, and thereby declined to stand upon the objection to the service, and submitted itself to the decision of the court in respect to jurisdiction over the subject-matter, which jurisdiction, it is entirely clear, the court possessed. These proceedings were taken by defendant after discovering the alleged ground of objection to the service, and there was no

action on its part confined solely to the purpose of questioning the jurisdiction over the person. That such jurisdiction resulted under the circumstances admits of no doubt, and the rule to that effect seems well settled in those states having similar Codes (which are like ours)," citing *Elliott v. Lawhead,* 3 Ohio St., 171; *Porter v. Chicago & Northwestern Railroad,* 1 Nebraska, 14; *Aultman v. Steinan,* 8 Nebraska, 112; *Meixell v. Kirkpatrick,* 29 Kansas, 679. See, also, *Handy v. Insurance Co.,* 37 Ohio St., 366; *Elliott v. Lawhead, supra; Lowe v. Stringham,* 14 Wisc., 222. As well said of pleading to the merits, in any way, after objecting to jurisdiction over the person, "although the objection was good, we think the defendant waived it in several ways. The record of the justice shows that the parties appeared by their counsel, which, of course, in the absence of any qualification, must be construed to be a general appearance. And it is a familiar rule that a general appearance waives any defect in the process. This is too well settled to need the citation of authorities. To avoid the effect of this rule, it is the common practice, when it is desired to take advantage of such defects, to appear specially for that purpose only. We think it is also a waiver of such a defect for the party, after making his objection, to plead and go to trial on the merits. To allow him to do this would be to give him this advantage. After objecting that he was not properly in court, he could go in, take his chance of a trial on the merits, and if it resulted in his favor, insist upon the judgment as good for his benefit, but if it resulted against him, he could set it all aside upon the ground that he had never been properly got into court at all." If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection. *Lowe v. Stringham, supra; Caughey v. Vance,* 3 Chand., 315, 316; *Thayer v. Dove,* 8 Blackford, 567. But *Reed v. Chilson,* 142 N. Y., 152, comes nearer to the precise facts of this case and to a practical application of the principle now being considered. It there appeared, in an action to recover money, brought upon a Michigan judgment, that the summons was served out of the state, pursuant to an order of publication, upon defendants, who were nonresidents. A warrant of attachment was also issued, but no property was levied upon. Defendants entered a general appearance by an attorney, who served a general notice of retainer. An answer was served alleging that neither of the defendants were residents of the state nor had they any property therein, and that the court had no jurisdiction. The Court held that a general appearance in an action by an attorney for a nonresident defendant is equivalent to personal service of the summons and gives the court jurisdiction of the person of such defendant. It seems, when a nonresident does not intend to submit himself to the jurisdiction of the court, he may either appear specially for the purpose of raising the

question of jurisdiction by motion, or he may allow the plaintiff to take judgment by default; the question of jurisdiction will be available if he has not waived it by his own act. The appearance and notice gave jurisdiction, and a personal judgment was properly rendered. We might cite cases and authorities almost indefinitely to the same purpose and effect, but those to which we have briefly referred will suffice to show how firmly and unquestionably it is established, that it is not only dangerous, but fatal, to couple with a demurrer, or other form of objection based upon the ground that the court has no jurisdiction of the person, an objection in the form of a demurrer, answer, or otherwise, which substantially pleads to the merits, and, as we have seen, such an objection is presented when the defendant unites with his demurrer for lack of jurisdiction of the person, a cause of demurrer for want of jurisdiction of the cause or subject of the action, and that is exactly what was done in this case.

The demurrer, so far as it relates to the cause of action on the policy of insurance, is another instance where the same rule was violated.

To restate the matter more precisely, the defendants demurred on two grounds: (1) Want of jurisdiction of the person; (2) want of jurisdiction of the subject-matter.

If they had confined themselves to the first ground all might have gone well with them, but when they asked the court to adjudge as to the second ground, they converted their special appearance, if it was such, into a general one, as they asked for a decision on the merits and thereby waived the other ground, as the above citations prove.

It follows that defendants, by their demurrer, in the respects indicated, have appeared generally in the action, and therefore submitted themselves to the jurisdiction of the court. The judgment upon the cause of action was consequently properly entered, and must stand, as the court had general jurisdiction of it (an ordinary action of debt), but the defendants are entitled to answer over, and no doubt would have been permitted to do so had it been called to the attention of the court, the failure to insert such permission in the judgment being clearly an inadvertence. The court will grant such leave, when the case goes back, if defendants desire to avail themselves of it, and, with this slight modification, the proceedings of the court, including the judgment, are without error.

Affirmed.