BELDEN v. WILKINSON et al.

(Supreme Court, Appellate Division, First Department.　November 24, 1899.)

1. COURTS—JURISDICTION—PLEADING.

　　An objection that the court has no jurisdiction of a defendant's person, because of the want of a proper service of summons, can be taken advantage of only by motion, and not by demurrer.

2. SAME—NONRESIDENT TRUSTEES.

　　The supreme court has jurisdiction of an action by a resident of another state against trustees under a will residing in England, where service of summons can be had upon them, to recover the price of land in another state purchased by their testator in his lifetime.

Appeal from special term, New York county.

Action by Horace Belden against George Wilkinson and another, as trustees under the will of Frank Wilkinson, deceased, to recover the price of land. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Henry T. Fay, for appellant.

James Dunne, for respondents.

RUMSEY, J. The plaintiff is a resident of the state of Connecticut. The defendants, who are sued as trustees under the last will and testament of Frank Wilkinson, deceased, are residents of England, of which country Wilkinson, their testator, was also a resident. The complaint alleges that the plaintiff agreed to sell to Wilkinson, and he agreed to buy, a piece of land in the state of Connecticut, of which Wilkinson took possession, and that a portion of the purchase price was still unpaid. It alleges the death of Wilkinson; the appointment of the defendants as his executors and trustees, and that they, as trustees, are in possession of these premises; and contains further allegations, by which it is sought to make the defendants, as trustees, liable for the unpaid purchase money. The defendants demurred to the complaint, upon the ground that the court has no jurisdiction of the persons of the defendants, and no jurisdiction of the subject-matter of the action. At the special term the defendants had judgment upon the demurrer, from which this appeal is taken.

No question is raised as to the sufficiency of the allegations of the complaint to constitute a cause of action. Nor is there any claim that there is a defect of parties defendant. Upon these two points the demurrer admits that the complaint is sufficient, and that the plaintiff would be entitled to recover if the objections stated by the defendants in the demurrer are not well founded.

The objection that the court has no jurisdiction of the persons of the defendants does not mean that a proper service of the summons has not been made upon them; for such defect, if it exists, can only be taken advantage of on motion. Nones v. Insurance Co., 8 Barb. 541. That ground of demurrer raises only the question whether the defendants are such persons as can be subjected to the process and jurisdiction of the court. Ogdensburgh & C. R. Co. v. Vermont & C. R. Co., 16 Abb. Prac. (N. S.) 249.

. The defendants here are not sought to be subjected to the process of the court because of their status as foreign executors, but as trustees under the last will of Wilkinson. As such, they became invested with the title to this real estate by virtue of the will alone, and not because of the decree of any court. Newton v. Bronson, 13 N. Y. 587–593; Conklin v. Egerton's Adm'r, 21 Wend. 430–436. As trustees under the will, taking title to the estate by virtue of the will, they stand in precisely the same situation as any other grantee of Wilkinson; and it hardly needs the citation of authorities to show that, if the plaintiff had a cause of action, either at law or equity, against a grantee of Wilkinson, arising out of the possession of this land, he could assert it in the courts of this state, if the defendants were found within the jurisdiction. Cleveland v. Burrill, 25 Barb. 522; Smith v. Crocker, 14 App. Div. 245, 43 N. Y. Supp. 427; Furbush v. Nye, 17 App. Div. 325, 45 N. Y. Supp. 214; Same v. Clarkson, 17 App. Div. 327, 45 N. Y. Supp. 215.

The learned counsel for the respondents cites many cases in which it has been held that, unless for special reasons, nonresident foreigners should not be permitted the use of our courts to redress wrongs committed within their own territory, or to enforce contracts made therein. But these cases were either cases where the action was brought by one nonresident against another nonresident to recover damages for a tort, or where it was clearly apparent that the courts of this state could not do justice to the parties because of the special facts of the particular case. It is not the rule that the courts of this state will not take jurisdiction of an action of contract unless special reasons are found for their doing so, although that may be said to be the rule in regard to actions of tort. Burdick v. Freeman, 46 Hun, 138, affirmed 120 N. Y. 420, 24 N. E. 949. But as to actions on contract the rule is precisely the other way. Our courts will ordinarily entertain such an action, unless special reasons are shown why it should not be done.

There can be no doubt, either, that the court has jurisdiction of the subject-matter. The action was brought to recover a sum of money claimed to be due to the plaintiff from the defendants. Of such an action the supreme court always has had jurisdiction. It must be remembered that the question of the jurisdiction of the subject-matter presented by this demurrer has nothing to do with the question whether the allegations of the complaint set out a good cause of action upon a subject of which jurisdiction exists. "Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good cause of action in the plaintiff therein." Hunt v. Hunt, 72 N. Y. 217.

For these reasons the demurrer was not well taken, and the judgment entered thereupon must be reversed, and judgment given to the plaintiff, with costs, with leave to the defendants to withdraw the demurrer and answer upon the payment of costs in this court and in the court below. All concur.