[No. 3171. Aug. 6, 1929.]

DANIEL v. CITY OF CLOVIS.

[280 Pac. 260.]

Fitzhugh & Fitzhugh, of Clovis, for appellant.

Otto Smith, of Clovis, for appellee.

## OPINION OF THE COURT

BICKLEY, C. J.   The city of Clovis enacted Ordinance No. 219 of said city, regulating the occupation of dray, transfer, taxicab, and storage warehouses, and provided a license fee therefor; said city was threatening to enforce said ordinance when this cause was filed and an order to show cause issued from the district court directed to appellee city, ordering it to show cause why it should not be restrained and enjoined from enforcing said ordinance.   Judgment was rendered in favor of appellee, and appellant appeals.   Appellant attacks the ordinance upon the ground that the regulations contained therein are ultra vires and void, and for the further reason that the provisions of said ordinance are in contravention of the general laws of New Mexico, providing for occupation taxes.   Appellee bases its defense upon the theory that the ordinance is a valid exercise of the power of municipalities to regulate and license the occupations affected.

The material portions of the ordinance are as follows:

"Section 1. That it shall be unlawful for any person, firm or corporation to conduct, perform or carry on any of the following businesses or occupations without first having obtained a license and having paid a license fee to the City of Clovis in the amount and according to the following schedule: Dray, transfer or baggage, one horse, per wagon $6.00, two horses, per wagon $12.00; truck per truck $15.00; taxi-cab or service car, $10.00; storage warehouse $12.00.

"Section 2. That where one and the same person, firm or corporation are engaged in the operation of two or more of the above specified businesses except in the operation of a taxi-cab or service car, or where one person, firm or corporation is engaged in any of the above businesses, including the operation of taxi-cabs, and shall operate more than one vehicle, then said persons, firms or corporations shall pay a license fee at the rate above specified on the business or vehicle on which the rate is the higher, and at one-half rate for each additional business or vehicle.

"Section 3. That the above licenses shall be issued by the City Clerk at the same time and in the same manner as other licenses, charging a fee of $1.00; that each vehicle used in the above occupations shall be inspected at least once in each six months by the Chief of Police, and if found unsafe for the work for which it is used then the owner of said vehicle shall have his license suspended until he provides a suitable vehicle; that the Chief of Police shall inspect all storage warehouses at least once in each six months to see that same are kept sanitary and that the articles and goods kept therein are kept safe from damage from wind and rain; and that all dray, transfer, baggage, and taxi or service car owners shall display the license tax issued them by the City of Clovis on the vehicles operated under this ordniance where it can be plainly seen.

"Section 4. That the City Commission may, in its discretion, revoke the license of any person, firm or corporation who shall be convicted of the violation of any traffic law or ordinance; or who shall be convicted of possessing, selling or transporting intoxicating liquor.

"Section 5. That five dollars per year of the tax provided for hereunder from each person, firm or corporation shall be an occupation tax, and when collected shall be credited to the general fund of the City of Clovis, and the balance collected from said occupations or businesses shall be a license and inspection fee, and when collected shall be credited to the police fund; and used to pay the cost of inspection and regulation as provided hereunder."

The judgment of the court was that the plaintiff (appellant) was not entitled to injunction prayed, and that the ordinance is valid except that part of section 3 which provides a fee of $1 as clerk's fee for issuing license.

The appellee city claims, as the source of its power

to enact the ordinance in question, the last clause of section 8 of chapter 96, Laws of 1923; said section being as follows:

"Section 8. The registration of motor vehicles and payment of fees therefor required by this Act shall be in lieu of all similar registration required by any county or municipality in this State and no fees or like burden shall be imposed for motor vehicles by any county or municipality, *but cities, towns and villages may license operators of, and regulate the use of such vehicles operated for hire within their corporate limits.*"

And paragraph 14 of section 3564, New Mexico Code 1915:

"The City Council and board of trustees in towns shall have the following powers: * * * Fourteenth.—To license, tax and regulate hackmen, omnibus drivers, carters, cabmen, porters, expressmen, and all others pursuing like occupations, and to prescribe the compensation."

And as to warehouses, appellee relies upon the general police power of municipalities which we apprehend may be defined or supplemented by section 3621 of the Code, which is as follows:

"Municipal corporations shall have power to make and publish, from time to time, ordinances not inconsistent with the laws of the State, for carrying into effect or discharging the powers and duties conferred by law, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporation and the inhabitants thereof, and to enforce obedience to such ordinances by fines not exceeding three hundred dollars, or by imprisonment not exceeding ninety days, by suit or prosecution before any justice of the peace within the limits of such city or town."

We hold that within the scope of the powers delegated to them, municipal corporations are authorized to regulate the business of warehousemen; such business being affected with a public interest. This view is sustained by the authorities. See 40 Cyc. 402, 403, "Warehousemen" and cross-references, and Decennial Digests "Warehouseman," Key 1.

██ Appellant combats this view with the assertion that the ordinance does not provide for regulation but is a revenue measure merely, and therefore subject to the limitations of chapter 148 of the Session Laws of 1919, which authorizes municipal corporations to levy and col-

lect certain occupation taxes. By section 5 of this ordinance, $5 of the charge collected (this being the minimum occupation tax as authorized by said chapter) is declared to be an occupation tax and to be credited to the general fund of the city, and it is further provided that the balance collected from the occupations involved shall be a license and inspection fee, and when collected shall be credited to the police fund. Thus it appears that so much of the charge as appears to be for revenue is sustainable by said chapter 148. Appellant does not assail the balance above the $5 aforesaid as excessive, but claims that the ordinance is insufficient as a regulatory measure because unreasonable as placing arbitrary power in the hands of the enforcing officer. If appellant is mistaken in this contention, the ordinance is sustainable in part as one to produce revenue and in part under the power of the municipality to regulate the occupations in question.

Appellant invokes City of Albuquerque v. Ranger Desdemona Oil Co., 26 N. M. 434, 194 P. 598. The situation there is clearly distinguishable from that of the case at bar. In the ordinance there under consideration, it was apparent that there was no attempt in it to regulate the business of oil stock salesman under the police power. It was admitted by both sides that the ordinance was a revenue measure merely. By section 3 of the Clovis ordinance, inspection of vehicles to ascertain their safety for the work for which it is used, and inspection of storage warehouses to the end that they be kept sanitary and the goods therein kept safe from damage from wind and rain is provided for. Appellant says that this is not enough to characterize the ordinance as regulatory; that said ordinance provides for an arbitrary exercise of power by the inspector; and that there is no rule of conduct laid down for the government or guidance of the licensee. We do not doubt that provisions making the conducting of an occupation dependent upon securing a license as a condition precedent to entering upon such occupation, and the continuance dependent upon the instrumentalities used therein, meeting inspection tests to ascertain their fitness for the purposes intended, are a species of regulation. The Supreme Court of Oklahoma, in Ex parte Holt, 74 Okl.

226, 178 P. 260, upheld an ordinance as being regulatory which is very similar to the ordinance here under consideration. In Booth v. Dallas (Tex. Civ. App.) 179 S. W. 301, 306, an answer was made to an objection similar to the one made here. The court said:

"Should the inspector, as appellants argue might be the case, refuse arbitrarily in the exercise of his authority to issue the certificate, notwithstanding the applicant was entitled thereto, this will not affect the validity of the regulation, since the presumption is that the officer will proceed impartially in the exercise of the discretion conferred, and until it is shown to the contrary no cause of action exists."

And furthermore, the fact that an ordinance may afford opportunity for abuse in the manner of its application is no objection to the ordinance itself from the standpoint of the power of the legislative body of the municipality to enact it. See Proposed Middle Rio Grande Conservancy District, 31 N. M. 188, 242 P. 683.

The provision in the ordinance providing for inspection is not objectionable as an attempt on the part of the city to delegate the police power intrusted to it by the state. See McQuillion on Municipal Corporations (2d Ed.) §§ 397, 398. See also a thorough discussion of the point in Booth v. Dallas, supra.

Appellant argues that section 4 of the ordinance is invalid because he says under section 3621 of the New Mexico Code 1915, quoted supra, the only means of enforcing obedience to ordinances, is by fine and imprisonment. In City of Roswell v. Jacoby, 21 N. M. 702, 158 P. 419, where a similar contention was made, we held that under subsections 18 and 66 of section 3564, Code 1915, and section 3621, Code 1915, a city or town has power to require the giving of a bond as security that a druggist will obey the law in dispensing liquor. In 17 R. C. L. "Licenses," § 69, it is said:

"A license is not revoked as a punishment, but in the exercise of the state's discretion, under its police power, as to whether the person holding the license is properly qualified to continue in his profession."

So far as the power of a municipality to revoke licenses is concerned, it may be found in subsection 4 of section

3564, Code 1915. Also it has been said in 17 R. C. L. "Licenses," § 69:

"The general rule is that the power of a municipality to revoke licenses to carry on a business may arise either from express grant, or from the power to regulate and control."

Of course, the power to revoke a license cannot be exercised in an unreasonable or arbitrary manner or for any purpose other than for the protection of public health, safety, morals, or welfare. We are unable to say that the power of revocation of licenses set forth in section 4 of the Clovis ordinance is an unreasonable or arbitrary exercise of such power. We can conceive that the proper discharge of a duty to the public by persons engaged in the occupations enumerated may be related to an observance of the traffic and prohibition laws.

Other arguments are made in the attack on the validity of the ordinance, but they are not sufficiently impressive to require discussion.

It is the rule that reasonable doubts should be resolved in favor of the validity of municipal ordinances. In 43 C. J. "Municipal Corporations," § 908, it is said:

"Where ordinances or by-laws have been enacted in pursuance of competent authority, they will be supported by every reasonable intendment, and reasonable doubts as to the validity of an ordinance will be resolved in its favor. It is the duty of the courts to uphold a municipal ordinance and by-laws, unless it manifestly appears that it transcends the power of the municipality, or contravenes the rights secured to the citizens by the constitution."

From all the foregoing, it appears that there is no error in the record, and the judgment of the district court is therefore affirmed, and the cause remanded, and it is so ordered.

WATSON and PARKER, JJ., concur.

CATRON and SIMMS, JJ., did not participate.