177 P.2d 532

**MARES v. KOOL et al.**

No. 4986.

Supreme Court of New Mexico.

Nov. 22, 1946.

William T. O'Sullivan, of Albuquerque, for petitioner.

Donald B. Moses and Jethro S. Vaught, Jr., both of Albuquerque, for respondents.

HUDSPETH, Justice.

This is an original proceeding in which an alternative writ of prohibition has been issued commanding the Honorable Albert R. Kool as Judge of the Second Division of the District Court of the Second Judicial District of the State of New Mexico sitting in and for the County of Bernalillo to desist and refrain from taking any further proceeding in a certain cause appealed from the Police Judge of the City of Albuquerque and now pending in said court. It appears that petitioner was arrested by police of the City of Albuquerque on a warrant issued by E. C. Gober, Police Judge of the City of Albuquerque, on a complaint which was not signed, although the signature of "E. C. Gober" appears beneath the jurat attesting that the same was "subscribed and sworn to" before the police judge; that the petitioner deposited with the Police Department of the City of Albuquerque the sum of $105 in cash as bond for the appearance of the petitioner in police court to answer the "complaint" on the 26th of March, 1945. Petitioner alleges:

"That on said 26th day of March, 1945, upon the advice of counsel, your petitioner disregarded said 'complaint,' so-called, and said warrant of arrest, and did not appear in said Police Court for the scheduled hearing or trial of the charges contained in said 'complaint'; that by reason of such failure to appear as aforesaid, said Police Judge thereupon declared the bond aforesaid to be forfeited by your petitioner and, pursuant to the mandatory provisions of N. M. S. A., 1941 Comp., Sec. 68-317, subd. 6-c, directed that the appropriate motor vehicle authorities of the State of New Mexico be notified of the alleged 'conviction' of your petitioner of the crime of operating a motor vehicle while allegedly under the influence of liquor, as required by said statute, so that your peti-

tioner's license might be cancelled or revoked."

Petitioner immediately appealed to the district court. The appeal was brought on for hearing on the first day of June, 1946. After witnesses were sworn, counsel for petitioner moved for the quashing of the warrant and the dismissal of all the proceedings below; and the City Attorney moved for leave to amend the complaint below by inserting therein, among other things, the signatures of complaining witnesses, to which petitioner's counsel objected. The district court denied the motion of petitioner and granted the motion of the City of Albuquerque for leave to amend the complaint, and the case was set down for trial on the merits. Whereupon the petition was filed in this court, and the alternative writ of prohibition was issued. Respondent has filed a motion to dismiss.

The municipal ordinance under which the prosecution was brought was adopted by the City Commission of Albuquerque on the 14th day of September, 1937, and reads as follows:

"Section 28. Operation of Vehicles by Persons Under the Influence of Liquor.

"(a) It shall be unlawful for any person while in an intoxicated condition caused by the use of alcohol, drugs, narcotics, and any other cause whatever, to operate, or attempt to operate, a vehicle upon any street or any public way in the City of Albuquerque.

"(b) It shall be unlawful for any person to knowingly and wilfully accompany an intoxicated person who is operating a vehicle."

The penalties are a fine not to exceed $200 or by imprisonment in the city jail for a period of not less than one day nor more than ninety days, or both such fine and imprisonment in the discretion of the court.

Petitioner challenges the authority of the City of Albuquerque to adopt the above ordinance, and cites Clayton v. State, 38 Ariz. 135, 297 P. 1037, in support of his theory that where the Legislature has enacted laws fully covering the field of motor traffic, and penalized the offense of operating a vehicle while under the influence of intoxicating liquor, the city is precluded from enacting a valid ordinance punishing the identical offense, without specific legislative authority.

The Uniform Motor Vehicle Act, chapter 75 of the Session Laws of 1929, Section 2, N. M. S. A., 1941 Comp., Sec. 68-502, is as follows:

"It shall be unlawful and punishable as provided in section 60 ([N. M. S. A., 1941 Comp.,] § 68-902) of this act for any person whether licensed or not who is an habitual user of narcotic drugs or any person who is under the influence of in-

toxicating liquor or narcotic drugs to drive any vehicle upon a highway within this state."

The penalties are: Jail sentence of not less than 30 days and not more than one year, or fine of not less than $100 nor more than $1,000, or by both such fine and imprisonment, for the first offense, and a revocation of the driver's license.

The courts are divided on the question of the validity of such ordinances. See Annotations 21 A.L.R. 1186, 64 A.L.R. 993, 147 A.L.R. 522, 566, and 2 McQuillin (Revised) Sec. 683.1, p. 707.

The Supreme Court of Arizona in Clayton v. State, supra, quotes from Sec. 408 of Arizona Revised Code of 1928, language which appears in N. M. S. A., 1941 Comp. Sec. 14-1805, enacted in the year 1884, and says [38 Ariz. 135, 297 P. 1042]:

"We think the power therein conferred 'to regulate the use' of streets, alleys, etc., must be construed in connection with the limitations expressed and implied in the Highway Code. The latter has declared who may drive motor vehicles upon the highways of the state; has provided for their licensing (section 1655 et seq.), and the grounds upon which their licenses may be revoked (section 1664 et seq.), naming as one of such grounds the driving of a motor vehicle while under the influence of intoxicating liquor, and under section 1688 has made it an offense to drive while in such condition. In other words, the Legislature in the Highway Code has made all of these things, as to the qualification or fitness of motor vehicle drivers and their punishment for infractions of the regulations therein prescribed, 'state affairs,' taking from municipalities the power to legislate thereon as effectively as if directly prohibited to them.

We have additional statutes bearing upon the subject. Section 68-533, N. M. S. A., 1941 Comp., L.1929, Ch. 75, Sec. 32, reads:

" * * * Local authorities may also adopt and enforce ordinances, not in conflict with the provisions of this act, relative to the operation of vehicles upon the highways within their respective jurisdictions."

And a later act, N. M. S. A., 1941 Comp., Sec. 68-317, Chapter 110, § 17, Laws 1937, Uniform Operators' and Chauffeurs' Licenses Act, provides:

"68-317. Mandatory revocation of license by the department.—(a) The department shall forthwith revoke the license of any person upon receiving a record of the conviction of such person of any of the following crimes, whether such conviction be had under any state law or local ordinance:

"1. Manslaughter resulting from the operation of a motor vehicle.

"2. Driving a motor vehicle while under the influence of an intoxicating liquor or narcotic drug: Provided, that for the purpose of this act marijuana (Cannabis Indica) shall be classified as a narcotic drug. * * *"

In addition we have N. M. S. A., 1941 Comp., 14-2201, commonly termed the General Welfare Clause quoted in City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141, 142, where we said:

"We think section 90—901, 1929 Comp., commonly termed the 'General Welfare Clause,' which gives municipal corporations power to make and publish ordinances, 'as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporation and the inhabitants thereof,' is sufficient source of power to enact the ordinance in question. See Daniel v. City of Clovis, 34 N.M. 239, 280 P. 260; City of Roswell v. Jacoby, 21 N.M. 702, 158 P. 419. The purpose of the ordinance, being in accord with the state constitutional prohibition amendment and prohibitory statutes, would seem to leave no doubt that the ordinance was properly intended for the general welfare.

"But appellant contends that a municipality cannot by ordinance provide for the punishment of an act which constitutes a criminal offense under the general law of the state, in the absence of express legislative authority. Counsel agree that there is a conflict of judicial authority on this proposition. * * *

"Whether subsection 18 of section 90—402, 1929 Comp. (enacted in 1915), is obsolete or not by virtue of prohibition amendments to the federal and state Constitution is not necessary to decide, but at least it reflects the policy of the state as being in accord with the weight of judicial opinion. The same is true of section 12, c. 89, Laws of 1927, which was a state prohibition act, and which declared:

" 'Nothing in this Act shall be construed as limiting the power of any city, town, or village, to prohibit the manufacture, sale, transportation, or possession of intoxicating liquors for beverage purposes.'

"If this section was not a grant of power, it at least seemed to *recognize* the power of municipalities to legislate on the subject."

We adhere to the rule announced in City of Clovis v. Dendy, supra, that an ordinance may duplicate or complement statutory regulations, when authorized by the Legislature, and we conclude that the statutes quoted above authorized the City of Albuquerque to enact the ordinance in question.

Petitioner maintains that the trial court is without jurisdiction of the subject-

matter because of defects in the complaint, upon which warrant was issued, and criticizes the definition of "Jurisdiction of the Subject-Matter," appearing in 21 C.J.S., Courts, § 23, p. 36, as follows:

"Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; * * *."

There are many cases cited which support the text, and it is quoted in Carlson v. Bartels, 143 Neb. 680, 10 N.W.2d 671, 148 A.L.R. 658.

In Cooper v. Reynolds, 1870, 10 Wall. 308, 316, 19 L.Ed. 931, Mr. Justice Miller defined jurisdiction over the subject matter as follows:

"By jurisdiction over the subject matter is meant the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority which organizes the court, and it is to be sought for in the general nature of its powers, or in authority specially conferred."

In Belden v. Wilkinson et al., 44 App. Div. 420, 60 N.Y.S. 1083, 1084, the court stated:

"It must be remembered that the question of the jurisdiction of the subject-matter presented by this demurrer has nothing to do with the question whether the allegations of the complaint set out a good cause of action upon a subject of which jurisdiction exists. 'Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good cause of action in the plaintiff therein.' Hunt v. Hunt, 72 N.Y. 217, [28 Am.Rep. 129]."

The following appears in Montgomery et al. v. Equitable Life Assur. Soc. of United States, 7 Cir., 83 F.2d 758, 761:

"Jurisdiction of the subject matter is the power to inquire and adjudge whether the facts of a particular case make that case a proper one for jurisdictional consideration by the judge before whom it is brought. Lange v. Benedict, 73 N.Y. 12, 29 Am.Rep. 80. Jurisdiction of the subject matter is the power to decide concerning the general question involved. It is not the exercise of that power. If a bill states a cause of action which belongs to a general class over which the court's authority extends, jurisdiction attaches and no error committed by the court in the rendition of the judgment can render the judgment void. Miller v. Rowan, 251 Ill. 344, 96 N.E. 285. It is the power to decide, regardless of whether that decision be right or wrong. Gibbs v. Andrews, 299 Ill. 510, 132 N.E. 544. Jurisdiction does not depend upon the state of facts which may appear in a particular case arising, or which is claimed to have arisen under that

general question. Hunt v. Hunt, 72 N.Y. 217, 28 Am.Rep. 129."

We hold that the district court has jurisdiction of the subject matter, and that prohibition is not available as a remedy for testing the sufficiency of the complaint. The other points relied upon by petitioner are procedural questions, and petitioner's remedy is by appeal or writ of error. State v. District Court of First Judicial District, 46 N.M. 296, 128 P.2d 454.

The motion to dismiss the petition should be sustained and the temporary writ of prohibition recalled. It is so ordered.

SADLER, C. J., and BICKLEY and BRICE, JJ., concur.

LUJAN, J., did not participate in this opinion.