This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MBNA AMERICA BANK, N.A.,**

 Plaintiff-Appellee,

v.            **NO. 28,775**

**RICARDO S. GIRON,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Donald C. Schutte, District Judge**

Law Offices of Farrell & Seldin
James J. Grubel
Darren B. Tallman
Albuquerque, NM

for Appellee

Ricardo S. Giron
Las Vegas, NM

Pro Se Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Ricardo Giron appeals an order confirming an arbitration award in favor of Plaintiff MBNA on a credit card debt. Defendant raises four issues on appeal: (1) whether the district court has a ministerial duty to grant a motion for summary judgment when the opponent's response does not comply with local rules; (2) whether the district court was required to dismiss for lack of subject matter jurisdiction; (3) whether the district court was required to dismiss for lack of standing; and (4) whether the district court erred in concluding that the arbitration agreement was valid. We conclude that there is no merit to Defendant's arguments on appeal and affirm the district court.

**BACKGROUND**

This case began with Plaintiff's application for confirmation of an arbitration award, pursuant to NMSA 1978, Section 44-7A-23 (2001). Defendant moved for summary judgment, claiming lack of standing, failure to prove damages in foreclosure of debt, and lack of jurisdiction His pleading also included a counterclaim for damages caused by civil racketeering. He followed this pleading with a motion to dismiss the application for confirmation. Over the next year, Defendant filed a number of motions seeking to have the case dismissed for various reasons. After conducting a status conference and reviewing the pleadings, the district court denied

Defendant's various motions to dismiss and ordered Defendant to file a response to the application. Thereafter, Defendant filed his answer, in which he first argued that there was no agreement to arbitrate. Defendant filed a number of briefs relating to his arguments regarding the validity of the agreement to arbitrate. The district court conducted a hearing on the issue in conjunction with the request to confirm the arbitration award. The district court concluded at the hearing that the issue of whether there was a valid agreement to arbitrate was not before it. The district court pointed out to Defendant that its authority on a request to confirm was extremely limited. It stated that the proper place to have raised the issue was before the arbitrator and that the arbitrator had the authority to rule on the issue. The district court confirmed the arbitration award. Defendant appeals.

**APPLICATION OF COURT RULES**

Defendant argues that the district court has a ministerial duty to enforce rules of procedure. In particular, he argues that the district court was required to grant his motion for summary judgment and his motion to dismiss because Plaintiff did not respond as required by the local rules. We review the district court's application of rules of procedure for an abuse of discretion. *Cf. Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 33, 137 N.M. 26, 106 P.3d 1273 (filed

2004) (stating the standard of review of a district court's sanctions for violation of court rules).

The Fourth Judicial District's local rule regarding motion practice states that a party opposing a motion shall file the response within fifteen (15) days after service of the motion. LR4-304(D) NMRA. The rule further states that failure to file a response or reply to the motion within the prescribed time shall be deemed as consent to granting the motion. *Id.*

Defendant filed a motion for summary judgment on August 2, 2006. He served the motion by mail. Thus, by rule, Plaintiff was to file its response within eighteen (18) days. Rule 1-006(D) NMRA (giving additional time for response after service by mail). On August 25, 2006, Plaintiff filed its response to the motion for summary judgment. Defendant contends that because the response was filed late, the district court was required to grant his motion.

Defendant does not cite to any authority in support of his claim that enforcement of court rules of procedure is a ministerial matter. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). Moreover, we have previously held that the failure to respond

to a motion for summary judgment does not require granting of the motion. Rather, even though procedural rules allow the district court to grant motions to which there is not a timely response, the district court must still examine the merits of a motion for summary judgment before granting it. *Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 18, 134 N.M. 207, 75 P.3d 423.

Insofar as Defendant may be arguing that the district court abused its discretion by enforcing the rules against him and not Plaintiff, our review of the record indicates that the district court considered all the pleadings filed and conducted hearings on the matters raised before ruling on any of the motions presented to it. The record does not support any claim that matters were decided against Defendant because of Defendant's violation of the district court's rules of procedure.

**SUBJECT MATTER JURISDICTION**

Defendant contends that the district court ignored his motion to dismiss on the basis of lack of subject matter jurisdiction. He argues that Plaintiff should have been required to establish subject matter jurisdiction upon his challenge. Again, the record belies Defendant's claim. Defendant's original challenge to subject matter jurisdiction arose in his motion for summary judgment. As we noted above, Plaintiff responded to the motion to dismiss. In so doing, it provided argument in support of jurisdiction.

Thus, Defendant's claim that Plaintiff's response did not establish jurisdiction after his challenge is unsupported by the record. Likewise, the record shows that the district court ruled on Defendant's motion to dismiss for lack of jurisdiction. Thus, the motion was not ignored.

Defendant's reliance on federal authorities is unpersuasive. This is not a matter governed by federal law. Defendant's motion to dismiss argued that the court lacked subject matter jurisdiction because Plaintiff lacked a "competent fact witness." Defendant's arguments appear to derive from federal case law that is not relevant to state court jurisdiction.

Subject matter jurisdiction is defined as the power of the court to hear and determine cases. *See Mares v. Kool*, 51 N.M. 36, 41, 177 P.2d 532, 535 (1946). That power is conferred by the sovereign authority that organizes the court. *Id.* The subject matter jurisdiction of New Mexico district courts is established by the New Mexico Constitution. N.M. Const. art. VI, § 13. New Mexico district courts are courts of general jurisdiction, having the power to hear all matters not excepted by the constitution and those matters conferred by law. *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 7, 144 N.M. 471, 188 P.3d 1222. In this case, the Uniform Arbitration Act, NMSA 1978, §§ 44-7A-1 to -32 (2001), confers jurisdiction

on the district court to hear applications for confirmation of arbitration awards. Section 44-7A-23. Defendant's claim that Plaintiff did not establish and the district court lacked subject matter jurisdiction is without merit.

**STANDING**

Defendant also argues that the district court failed to require Plaintiff to establish that it had standing to sue in a foreign court. Because of his reliance on federal case law, Defendant's argument makes standing a jurisdictional matter. In New Mexico, however, the two issues are separate and standing is not a jurisdictional matter. *ACLU of N.M.*, 2008-NMSC-045, ¶¶ 7-9 (explaining that standing in New Mexico courts, contrary to federal courts, does not derive from the state constitution and is not jurisdictional). Standing is a judicially created doctrine designed to "insure that only those with a genuine and legitimate interest can participate in a proceeding." *De Vargas Sav. & Loan Ass'n of Santa Fe v. Campbell*, 87 N.M. 469, 471, 535 P.2d 1320, 1322 (1975) (internal quotation marks and citation omitted).

Whether a party has standing to bring a claim is a question of law that we review de novo. *Forest Guardians v. Powell*, 2001-NMCA-028, ¶ 5, 130 N.M. 368, 24 P.3d 803. "A party's standing, of course, depends on its factual and legal connection to the issue it wishes to litigate." *City of Sunland Park v. Santa Teresa*

7

*Servs. Co.*, 2003-NMCA-106, ¶ 39, 134 N.M. 243, 75 P.3d 843. If the standing decision is made on the pleadings in response to a motion to dismiss, we accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party. *Forest Guardians*, 2001-NMCA-028, ¶ 5. To acquire standing, an individual must demonstrate the existence of (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* ¶ 16. Plaintiff's standing to pursue this case was established by its application to the district court, which stated that it had obtained an arbitration award that it sought to have confirmed by the court pursuant to Section 44-7A-23.

**VALIDITY OF ARBITRATION AGREEMENT**

Defendant contends that the district court erred in failing to find that the arbitration agreement was unconscionable, and therefore the arbitration award was void. Judicial review of arbitration awards is extremely limited. In the absence of a statutory basis to vacate an arbitration award, the district court must enter an order confirming the award. *Fernandez v. Farmers Ins. Co. of Ariz.*, 115 N.M. 622, 625, 857 P.2d 22, 25 (1993) (explaining that when there is no statutory ground for vacating or modifying an arbitration award, the district court must confirm the award). "The

district court's review thus is generally limited to allegations of fraud, partiality, misconduct, excess of powers, or technical problems in the execution of the award." *Id.*

Defendant's answer to the application for confirmation of the arbitration award did not specify any of the above referenced statutory reasons for vacating an award. Instead, he disputed that there was a valid agreement to arbitrate. The validity of an agreement to arbitrate cannot provide a basis for vacating an arbitration award unless an objection was made not later than the beginning of the arbitration hearing.

There is no dispute that Defendant participated in the arbitration without raising his concerns regarding the validity of the agreement to arbitrate. We have previously held that "participation in arbitration proceedings is evidence of a party's prior agreement to submit to arbitration." *Eagle Laundry v. Fireman's Fund Ins. Co.*, 2002-NMCA-056, ¶ 16, 132 N.M. 276, 46 P.3d 1276. Further, the ability to continue arguing that there was no agreement to arbitrate allowed by Section 44-7A-24(a)(5) is limited to those instances in which the party objects that there is no valid agreement to arbitrate before participating in the arbitration hearing. *See Alexander v. Calton & Assocs., Inc.*, 2005-NMCA-034, ¶ 15, 137 N.M. 293, 110 P.3d 509.

It appears from the record that Defendant's only objection to the arbitration was

9

based on fraud. He did not argue at that time that the agreement was unconscionable. Nor did he move, after completion of the arbitration, to have the district court vacate the award for lack of a valid agreement to arbitrate pursuant to Section 44-7A-24(a)(5). It was not until Plaintiff sought to confirm the award that Defendant began to articulate arguments regarding the unconscionability of the arbitration agreement. Thus, we conclude that Defendant's participation in the arbitration without objection waived his right to object in the district court to the unconscionability of the agreement to arbitrate.

We recognize that the district court allowed Plaintiff and Defendant to present argument regarding whether there was a valid arbitration agreement at the hearing. However, the district court's statements at the conclusion of the hearing clearly indicated that it understood that the issue was not before it for determination, even though it did opine that it did not believe the arbitration agreement to be unconscionable as argued by Defendant. The district court did not err in refusing to consider the validity of the arbitration agreement.

**CONCLUSION**

Defendant's issues regarding application of court rules, jurisdiction, and standing have no merit, and the district court properly confirmed the arbitration award

without determining the validity of the arbitration award. We therefore affirm the order of confirmation of the arbitration award.

   **IT IS SO ORDERED**.


_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**CELIA FOY CASTILLO, Judge**


_____

**ROBERT E. ROBLES, Judge**