Certiorari Denied, September 24, 2012, No. 33,771

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-103

Filing Date: July 24, 2012

Docket No. 30,663

LOREN LYNDOE, PHYLLIS LYNDOE,
MANUEL TOLEDO, ISABEL TOLEDO,
GLENDA COUNCIL, ROBERT COUNCIL,
RON ARMSTRONG, LAURA ARMSTRONG,
PATRICIA SANCHEZ, FRANCISCA CABRIALES,
JAKE LAMFERS, MARTA LAMFERS,
CAL PALMER, VERONICA PALMER,
HEATHER JAMES, HAAMID HAKAM,
BAXTER BACKER, CAROLYN BACKER,
JARED HUNTER, JACQUELINE HUNTER,
SILVINO SUAREZ, JOHANNA DUNCAN,
RICHARD HOEHNE, ANABEL NAJERA,
JEANNETTE PAZ, ROBERT BRUHN,
JAKE NUTTALL, DIANE NUTTALL,
RON STONE, STELLA STONE,
YVONNE BALDONADO, ROBERT ROBLES,
TINA ROBLES, JOSEPH CRAIG, ALISA SHTROMBERG,
JESSE MAGALLANEZ, PAMELA TAFOYA,
ROBERT BONILLA, ALICIA BONILLA,
RUBEN VALENZUELA, YVETTE VALENZUELA,
IGNACIO SANCHEZ, WENDY SCHMIDT,
MARCUS DECLOUETTE, DANIELLE DECLOUETTE,
MADELEINE R. MANI, SANJAY CHANDRAN,
PATRICK YOKOYAMA, ROSEANNE YOKOYAMA,
TREVOR BRASEL, KRISTI BRASEL,
JOSE CARTER, EMILY CARTER,
CALVIN LUCERO, ERIN GARCIA, and
LAKANA SANGADEJ,

        Plaintiffs-Appellees,

and

ELIZABETH FERNANDEZ, GERARDO LOPEZ,

**JAMES CORWELL, and KERRI CORWELL,**

   **Plaintiffs,**

**v.**

**D.R. HORTON, INC., and**
**DRH SOUTHWEST CONSTRUCTION, INC.,**

   **Defendants-Appellants,**

**and**

**CURB SOUTH, LLC,**

   **Defendant.**

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**JOHN W. POPE, District Judge**

Guebert Bruckner P.C.
Terry R. Guebert
Don Bruckner
Albuquerque, NM

for Appellees

Collins & Collins, P.C.
Alysan Boothe Collins
Albuquerque, NM

for Appellees Lucero & Erin Garcia

Crowley & Gribble, P.C.
Clayton E. Crowley
Albuquerque, NM

for Appellee Lakana Sangedej

Landry & Ludewig, L.L.P.
Stephanie Landry
Margaret C. Ludewig
Albuquerque, NM

Saucedo Chavez PC
Christopher T. Saucedo
Iris L. Marshall
Albuquerque, NM

for Appellants

**OPINION**

**FRY, Judge.**

**{1}**     The district court ordered the consolidation of all arbitrations between Defendants D.R. Horton, Inc. and DRH Southwest Construction, Inc. (collectively, Horton) and Plaintiffs, who are owners of homes built and sold by Horton in the Sagebrush Subdivision at Huning Ranch in Los Lunas, New Mexico. We conclude that Plaintiffs satisfied all of the elements required for consolidation by NMSA 1978, Section 44-7A-11 (2001), of New Mexico's Uniform Arbitration Act (UAA), NMSA 1978, §§ 44-7A-1 to -32 (2001). Therefore, we affirm the district court's order.

**I.     BACKGROUND**

**{2}**     In November 2009, Plaintiffs sued Horton and other defendants seeking damages and rescission, alleging that they had experienced various deficiencies in their Horton-built homes, many of which were caused by the settlement of subsurface soils. Plaintiffs also alleged that their purchase agreements with Horton contained arbitration agreements, and they asked the district court to compel Horton to litigate their claims in a consolidated arbitration in accordance with Section 44-7A-11 of the UAA.

**{3}**     In pleadings filed with the court, Horton acknowledged that the parties' dispute was subject to the purchase agreements' arbitration clause. However, Horton opposed consolidation of all of the claims into one arbitration and instead proposed a separate arbitration with each household. Consequently, Plaintiffs filed a motion to compel a consolidated arbitration between Horton and Plaintiffs who had signed purchase agreements with Horton. Plaintiffs argued that Section 44-7A-11 of the UAA permits consolidation of separate arbitration proceedings if certain requirements are met. Section 44-7A-11 states:

>          (a)      Except as otherwise provided in Subsection (c), upon motion of a party to an agreement to arbitrate or to an arbitration proceeding, the court may order consolidation of separate arbitration proceedings as to all or some of the claims if:

>                   (1)      there are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with

3

a third person;

(2)    the claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;

(3)    the existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and

(4)    prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation.

(b)    The court may order consolidation of separate arbitration proceedings as to some claims and allow other claims to be resolved in separate arbitration proceedings.

(c)    The court may not order consolidation of the claims of a party to an agreement to arbitrate if the agreement prohibits consolidation.

**{4}**    Plaintiffs argued that all of the statutory elements supporting consolidation existed because the arbitration agreements were entered into with Horton; Plaintiffs' claims arose from the same series of home sales by Horton in the Sagebrush Subdivision since 2006; all of Plaintiffs' homes experienced similar problems; and Horton would not be prejudiced by a consolidated arbitration because such a proceeding would likely be more efficient than separate proceedings.  Horton responded that Plaintiffs failed to establish (1) the statutory element requiring related transactions because Plaintiffs were not part of the *same* series of contractual negotiations; (2) the element requiring common issues of law or fact creating the possibility of conflicting decisions; and (3) the element related to prejudice because a consolidated arbitration would result in undue delay due to the widely varying claims of individual Plaintiffs.

**{5}**    Following a hearing, the district court announced in a letter decision that it would grant Plaintiffs' motion and order a consolidated arbitration before a single arbitrator.  The district court later denied Horton's motion for reconsideration, found that the order compelling consolidation was final for purposes of appeal, and stayed the proceedings pending appeal.  This appeal followed.

## II.    DISCUSSION

**{6}**    The parties agree that Plaintiffs' claims against Horton are subject to arbitration, and the only dispute is whether the district court properly ordered the consolidated arbitration. Horton challenges the district court's order based on three arguments, which we combine into two.  First, Horton contends that the district court did not have jurisdiction to order a

consolidated arbitration because there were no arbitration proceedings pending at the time of the order. Second, it argues that consolidation was improper because Plaintiffs failed to satisfy the statutory factors necessary for consolidation and because permitting consolidation would thwart federally established policy and improperly allow the arbitrator to dictate public policy.

## A.    Standard of Review

**{7}**    Horton argues that all of its arguments are subject to de novo review. We disagree in part. First, as we clarify below, Horton's argument regarding the district court's alleged lack of jurisdiction is misplaced. Horton's argument has nothing to do with jurisdiction; instead, Horton's contention is that a statutory prerequisite for consolidation of the arbitrations was not met. This involves a question of statutory construction, which we review de novo. *Estate of Nauert v. Morgan-Nauert*, 2012-NMCA-037, ¶ 8, 274 P.3d 799.

**{8}**    Second, we disagree with Horton's contention that the propriety of the district court's order requiring consolidated arbitrations is subject to de novo review. The statutory provision permitting consolidation uses language associated with discretion. It provides that a court "*may* order consolidation of separate arbitration proceedings" under certain circumstances. Section 44-7A-11(a) (emphasis added). In addition, the commentary to the uniform law on which our UAA is modeled clarifies that the provision permitting consolidation "gives courts *discretion* to consolidate separate arbitration proceedings." *Unif. Arbitration Act* § 10 cmt. 3, 7 U.L.A. 42 (2000) (emphasis added); *see Cummings v. Budget Tank Removal & Envtl. Servs, LLC*, 260 P.3d 220, ¶ 14 (Wash. Ct. App. 2011) (explaining that "[b]ecause the statute says the court 'may' order consolidation, [the court] review[s] the decision for an abuse of discretion"). Consequently, we review the district court's order compelling the consolidated arbitration for abuse of discretion.

## B.    Jurisdiction to Order Consolidated Arbitration

**{9}**    Horton claims that the consolidation provision of the UAA, Section 44-7A-11, requires that there be pending separate arbitration proceedings before a court has the power to order a consolidated arbitration. In support, Horton relies on the title of the statute, which reads "Consolidation of separate arbitration proceedings," and a Hawaii case, *In re United Pub. Workers, AFSCME, Local 646, AFL-CIO*, 244 P.3d 609, 613 (Haw. Ct. App. 2010).

**{10}**    We are not persuaded. Despite the title of Section 44-7A-11, the body of the statute clearly states that a court "may order consolidation of separate arbitration proceedings" pursuant to a motion "of a *party to an agreement to arbitrate* or to an arbitration proceeding." Section 44-7A-11(a) (emphasis added). A common sense reading of this language establishes that consolidation may be ordered even if no arbitration proceeding is pending, providing there are agreements to arbitrate. Here, Plaintiffs were parties to virtually identical arbitration agreements with Horton, and the statutory requirement was satisfied. We reject Horton's contrary, overly technical interpretation of Section 44-7A-11.

5

**{11}** Given our interpretation of Section 44-7A-11, we are also unpersuaded by the Hawaii court's decision in *United Pub. Workers*. In interpreting a statutory provision nearly identical to Section 44-7A-11, that court employed the same hyper-technical reading urged by Horton. It stated that "[w]here there are no separate proceedings to consolidate, a fundamental prerequisite is not met, and this provision is inapplicable." *United Pub. Workers*, 244 P.3d at 614. The court relied on what it considered to be the plain language of the statute permitting consolidation "of *separate arbitration proceedings*." *Id.* Apart from this reliance on only a portion of the statute's language, the court gave no persuasive reason for prohibiting consolidation of not-yet-pending arbitrations when, as in the present case, there is no dispute among the parties that arbitration is the proper forum for resolution of the claims at issue. Requiring the initiation of each separate arbitration before permitting consolidation is inefficient and unnecessary.

**{12}** We also clarify that, contrary to Horton's argument, satisfaction of the statutory requirements has nothing to do with the district court's jurisdiction. Subject matter jurisdiction is defined as the power of a court to hear and determine cases. *Mares v. Kool*, 51 N.M. 36, 41, 177 P.2d 532, 535 (1946). That power is conferred by the sovereign authority that organizes the courts. *Id.* The subject matter jurisdiction of New Mexico district courts is established by the New Mexico Constitution. N.M. Const. art. VI, § 13. New Mexico district courts are courts of general jurisdiction having the power to hear all matters not excepted by the constitution and those matters conferred by law. *See ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 7, 144 N.M. 471, 188 P.3d 1222. In the present case, the UAA confers jurisdiction on the district court to hear motions for consolidation of arbitration proceedings as well as many other matters pertaining to arbitrations. Therefore, the district court had subject matter jurisdiction to hear and rule on the motion for consolidation filed by Plaintiffs.

**C.      Propriety of Consolidation**

**1.      Statutory Elements Supporting Consolidation**

**{13}** Section 44-7A-11 permits the consolidation of separate arbitrations when four factors are satisfied. Horton challenges Plaintiffs' showing in connection with only three of the four factors. It claims that Plaintiffs failed to establish (1) that their claims arose "in substantial part from the same transaction or series of related transactions" as required by Subsection (a)(2); (2) that "a common issue of law or fact create[d] the possibility of conflicting decisions in the separate arbitration proceedings" as required by Subsection (a)(3); and (3) that the prejudice from a failure to consolidate outweighed any potential prejudice to Horton, as required by Subsection (a)(4).

**{14}** With respect to the element requiring the same transaction or related transactions, Plaintiffs alleged that all of their claims arise from their purchase of homes built and sold by Horton in the same subdivision since 2006. Horton based the subdivision's site development plan on a geotechnical report prepared by Vinyard & Associates, Inc., and, since purchasing

6

their homes, Plaintiffs experienced deficiencies in their residences, many of which appear to be caused by soil settlement as evidenced by reports prepared by Horton's expert engineer. Thus, although the underlying cause of the soil settlement is in dispute, Plaintiffs nonetheless have demonstrated that their claims arise out of the series of purchase transactions between themselves and Horton and the series of homes constructed by Horton in reliance on the Vinyard report.

{15}    Horton argues that Plaintiffs have not satisfied the related-transaction element because their claims arise from thirteen different form purchase agreements for 37 or 38 home sales that proceeded to closing on different dates.[1] We fail to see how different form agreements and different closing dates would remove this series of sales from the statutory category of "related transactions." Plaintiffs have alleged sufficient facts to satisfy this element supporting consolidation.

{16}    The consolidation statute also requires "a common issue of law or fact" that "creates the possibility of conflicting decisions" if the arbitrations proceed separately. Section 44-7A-1(a)(3). Plaintiffs argue that their claims share common issues involving the settlement of their respective homes and similar resulting damage, including cracks and separation. They maintain that multiple separate arbitrations, as opposed to one consolidated arbitration, could result in conflicting decisions. For example, one Plaintiff could be awarded rescission or damages while another Plaintiff with similar home deficiencies could receive no recovery.

{17}    Horton contends that Plaintiffs have failed to satisfy this element because they presented no evidence supporting this element and because Horton's engineer opined that some deficiencies were caused by something other than negligent construction. Horton is incorrect. Plaintiffs presented considerable evidence of deficiencies common to their homes, including photographs and engineering reports attributing the deficiencies to soil settlement. While it is true that Plaintiffs did not present an engineering report for every home and that some engineering reports attribute some home deficiencies to over-watering or causes other than negligent construction, these issues do not result in failure to satisfy the common-issue element of Section 44-7A-11(a)(3). The question of whether to consolidate separate arbitrations is a threshold question for the district court and does not require definitive proof. The statute requires only common *issues* of law or fact, not common established facts. Plaintiffs have satisfied this element.

{18}    Finally, Plaintiffs have satisfied Section 44-7A-11(a)(4)'s element because they have demonstrated that any prejudice to Horton does not outweigh the potential prejudice of conflicting outcomes that could result from failure to consolidate. As the district court noted in its decision letter, "having one arbitrator will be able to facilitate the arbitrations and move the case along as opposed to [multiple] arbitrators . . . making inconsistent rulings."

---

[1]In its brief in chief, Horton states that 38 homes are involved while Plaintiffs state in their brief that 37 homes are the subject of their claims.

**{19}**    Horton argues that "its contractual rights would be compromised with consolidation" because Horton had no expectation when it entered into the arbitration agreements that there was the possibility of a consolidated arbitration. This argument is not persuasive because it was Horton that drafted the arbitration agreements, and it could have easily included a provision prohibiting consolidation. Section 44-7A-11(c) provides that "[a] court may not order consolidation of the claims of a party to an agreement to arbitrate if the agreement prohibits consolidation." Moreover, "the mere desire to have one's dispute heard in a separate proceeding is not in and of itself the kind of proof sufficient to prevent consolidation." *Unif. Arbitration Act* § 10 cmt. 3, 7 U.L.A. at 43. The type of prejudice contemplated by Section 44-7A-11(a)(4) as overriding the prejudice from non-consolidation includes the existence of conflicting provisions in the separate arbitration agreements regarding "arbitrator selection procedures, standards for the admission of evidence and rendition of the award, and other express terms of the arbitration agreement." *Unif. Arbitration Act* § 10 cmt. 3, 7 U.L.A. at 43. Horton does not argue that any of the express terms of the arbitration agreements are in conflict. Therefore, Plaintiffs have satisfied the element in Section 44-7A-11(a)(4).

**{20}**    Horton also argues that Plaintiffs were required to establish the existence of all statutory elements supporting consolidation through the introduction of evidence and that the district court should have entered findings of fact and conclusions of law in support of its order requiring consolidation. We disagree. As previously noted, the question of consolidation is a threshold question answered by the district court based on allegations or evidence satisfying it that the elements supporting consolidation exist. Horton has cited no authority for the proposition that the consolidation question requires an evidentiary hearing. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that appellate courts will not consider propositions that are unsupported by citation to authority). In addition, Rule 1-052 NMRA, which governs the necessity for findings and conclusions, provides that "[f]indings of fact and conclusions of law are unnecessary in decisions on motions under Rule 1-012, 1-050 or 1-056 NMRA or any other motion except as provided in Paragraph B of Rule 1-041 NMRA." The motion for consolidation in this case is not an excepted motion and, as a result, findings and conclusions were not required.

**{21}**    In our view, Plaintiffs' satisfaction of all of the statutory elements supporting consolidation leads to the conclusion that the district court did not abuse its discretion in ordering a single, consolidated arbitration. However, Horton also claims that considerations beyond the statutory elements mandate reversal of the district court's decision. We now turn to those arguments.

**2.    Horton's Other Arguments**

**{22}**    Horton appears to parse Plaintiffs' single motion into two separate motions—one to compel arbitration and one to compel a consolidated arbitration. With respect to the motion to compel arbitration, Horton argues that the motion should have been denied as a matter of

law because Horton agrees to arbitration. We fail to see how Horton's approach would make sense or further the case's progress. Because the parties agreed that arbitration was the appropriate method for resolving Plaintiffs' claims, it would make no sense to deny the motion to compel arbitration.

**{23}** As to the order requiring the arbitrations to be consolidated, Horton's argument is somewhat difficult to follow. It appears that Horton asserts two reasons—other than Plaintiffs' alleged failure to satisfy the statutory elements for consolidation—supporting its contention that the order of consolidation was erroneous: (1) federal law regarding class action arbitrations establishes public policy requiring denial of consolidation as a matter of law; and (2) allowing consolidation permits the arbitrator to create public policy.

### a. Federal Law Regarding Class Action Arbitrations

**{24}** Horton argues that the district court, by ordering consolidation, "has created something akin to a class action without subjecting . . . Plaintiffs to the class action standards." As a result, Horton maintains, "the district court fundamentally changed the nature of the arbitration to such a degree that it cannot be presumed the parties consented to it." In support of this argument, Horton relies primarily on *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, which held that "a party may not be compelled under the [Federal Arbitration Act] to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." 130 S. Ct. 1758, 1775 (2010). This argument is not persuasive for two reasons.

**{25}** First, in *Stolt-Nielsen* there was no statutory provision governing the availability of class arbitration while in the present case, Section 44-7A-11 expressly provides for consolidated arbitration under certain circumstances. *Stolt-Nielsen* involved the United States Supreme Court's reversal of an arbitration panel's decision to imply an agreement to permit class arbitration when the arbitration agreement itself was silent on the subject. 130 S. Ct. at 1766, 1777. Notably, the Federal Arbitration Act, maritime law, and state law did not answer the question of whether class arbitration was available in the absence of express consent. *Id.* at 1768-69. These circumstances are not analogous to those in the present case, given the existence of Section 44-7A-11.

**{26}** Second, we fail to see how a consolidated arbitration involving specific, named parties is the same as a class arbitration. As the Court noted in *Stolt-Nielsen*, in a class arbitration, the arbitrator's award may "adjudicate[] the rights of absent parties" as well as the rights of named parties. 130 S. Ct. at 1776. This cannot occur in the consolidated arbitration ordered in this case by the district court because only named parties with arbitration agreements will participate. In addition, the rules governing class arbitrations, presumably derived from the rules governing class litigation, are quite different from the statutory elements required for consolidated arbitration. For example, prerequisites for class arbitration would include numerosity so great that joinder of all class members is impracticable, common issues of law or fact predominating over issues affecting individual

9

class members, and certification of the class. *See generally* Rule 1-023 NMRA.

**b.** **Risk of Arbitrator Creating Public Policy**

**{27}** Horton argues that "[t]he district court's misinterpretation of [the consolidation statute] must be addressed by this Court to prevent the creation of public policy by the arbitrator." Horton maintains that "allow[ing] consolidation of similarly situated plaintiffs rather than requiring that the arbitration agreements . . . arise from the same transaction or related transaction allows the arbitrator too much discretion" in the resolution of discovery disputes and of questions regarding the consolidation of evidentiary hearings involving more than one home.

**{28}** We fail to see how an arbitrator's control over the procedural aspects of the consolidated arbitration will result in the creation of public policy. Instead, the arbitrator can reasonably orchestrate the arbitration to streamline the process, avoid duplication of effort, and resolve the individual claims in a consistent manner. In our view, consolidation of the individual homeowners' arbitrations is consistent with the purpose of arbitration, which is "to further judicial economy by providing a quick, informal, and less costly alternative to judicial resolution of disputes." *K.R. Swerdfeger Constr., Inc. v. UNM Bd. of Regents*, 2006-NMCA-117, ¶ 26, 140 N.M. 374, 142 P.3d 962 (internal quotation marks and citation omitted). The district court did not abuse its discretion by ordering consolidation of Plaintiffs' arbitrations.

**CONCLUSION**

**{29}** For the foregoing reasons, we affirm the district court's order consolidating the arbitrations between Plaintiffs and Horton.

**{30}** **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *Lyndoe v. D.R. Horton, Inc.*, No. 30,663**

**APPEAL AND ERROR**

Standard of Review

**CIVIL PROCEDURE**
Arbitration
Final Order

**COMMERCIAL LAW**
Uniform Arbitration Act

**JURISDICTION**
Appellate Jurisdiction
Subject Matter

**REMEDIES**
Arbitration

**STATUTES**
Interpretation