This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ERIC CHILDERS,**

Petitioner-Appellee,

v.                                                                                          **NO. 34,311**

**DEANDRA CHILDERS,**

Respondent-Appellee,

and

**RICHARD and MARTHA TEAKELL**,

Physical Custodians-Appellants,

and

**GARY CHILDERS,**

Intervenor-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Eric Childers
Portales, NM

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

Pro Se Petitioner-Appellee

Deandra Childers
Clovis, NM

Pro Se Respondent-Appellee
Trujillo Dodd, Torres, O'Brien, Sanchez, LLC
Donna Trujillo Dodd
Albuquerque, NM

for Physical Custodians-Appellants

Harmon, Barnett & Morris, P.C.
Jared Morris
Clovis, NM

for Intervenor-Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Appellants Richard and Martha Teakell (Maternal Grandparents) appeal from the district court's ruling that appoints them as the child's kinship guardians, and allows Appellee-Intervenor Gary Childers (Paternal Grandparent) visitation rights. [RP 292] Our notice proposed to affirm, and Maternal Grandparents filed a memorandum in opposition. [Ct.App.File, pink clip]

{2}     In their docketing statement, Maternal Grandparents raised issues (A)-(E), which our notice proposed to summarily affirm. In their memorandum in opposition, Maternal Grandparents do not dispute our notice's proposed resolution of issues (A),

2

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

(C), and (D). [MIO 1] Thus, for the same reasons detailed in our notice, we affirm these issues.

{3}     With regard to issue (B), Maternal Grandparents continue to argue that "there was inadequate notice . . . to proceed on Intervener's (sic) [Paternal Grandparent] issues." [MIO 2; DS 4] In particular, Maternal Grandparents assert that neither Petitioner (Father) and Respondent (Mother) nor themselves were provided adequate notice of the guardianship matters that were addressed at the September 19, 2014 hearing. [MIO 2, 3] *See generally State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 17, 133 N.M. 827, 70 P.3d 1266 ("The question of whether an individual was afforded due process is a question of law that we review de novo.").

{4}     As for any asserted inadequate notice to Father and Mother of the guardianship matter addressed at the September 19, 2014 hearing, as we stated in our notice, we know of no authority, and Maternal Grandparents have provided us with none, for the proposition that Maternal Grandparents have standing to raise arguments on behalf of parents. *See generally In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists); *see also Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶¶ 18-19, 331 P.3d 915 (recognizing that a parent in a custody dispute does not have standing to sue on behalf of a child). We note too that, although this case began with a petition for legal separation between Father and Mother, the district court had authority to consider the guardianship matter that arose in the course of the proceedings relating to the petition for legal separation. *See Lyndoe v. D.R. Horton, Inc.*, 2012-NMCA-103, ¶ 12, 287 P.3d 357 (providing that our district courts "are courts of general jurisdiction having the power to hear all matters not excepted by the constitution and those matters conferred by law").

{5}     We further continue to disagree with Maternal Grandparents' argument that they were not afforded adequate notice of the matters to be addressed at the hearing. As discussed in our notice, while this case began as a petition for legal separation between Father and Mother [RP 1], the district court determined that neither parent could provide a safe home for the child and awarded temporary sole care and control to Maternal Grandparents. [RP 28-29] Paternal Grandparent intervened [RP 89, 143, 288] and approximately seven months before the September 19, 2014 hearing, filed

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

a motion to modify the temporary custody order in favor of Maternal Grandparents to instead give Paternal Grandparent custody or, at a minimum, to allow Paternal Grandparent visitation rights. [RP 84] In turn, Maternal Grandparents, who also intervened [RP 256, 288], disputed any visitation rights being extended to Paternal Grandfather and filed a counter motion to be appointed as kinship guardians. [RP 98, 101] The hearing to address the dispute between the grandparents was held on September 19, 2014. [RP 165, 254, 263, 268, 269] Given that all of the grandparents had filed motions relating to visitation and custody of the child, and that a hearing had been scheduled to address these matters, we conclude that Maternal Grandparents were afforded adequate notice. We affirm.

{6}     With regard to issue (E), Maternal Grandparents continue to assert that the district court "did not enter a visitation plan in the best interests of the child." [MIO 3; DS 5] Again, other than generally aver that error occurred and that the visitation plan "is not appropriate for a 4 year old child" [MIO 3], Maternal Grandparents have failed to articulate with specificity the basis of their argument. *See generally State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court and the party claiming error bears the burden of showing such error); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court has no duty to review inadequately developed arguments). Perceiving no error or abuse of discretion, we affirm.

{7}     To conclude, for the reasons addressed above and extensively detailed in our notice, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**